**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HP INGREDIENTS CORP.,

        Plaintiff,

        v.

SABINSA CORPORPORATION,

        Defendant.

Civil Action No. 21-16800 (GC) (RLS)

**MEMORANDUM ORDER**

**CASTNER, District Judge**

This matter comes before the Court upon Plaintiff HP Ingredients Corp.'s ("Plaintiff") Motion to Strike under Federal Rule of Civil Procedure[1] 14(a)(4) (ECF No. 13) and Counterclaim-Defendants Pharmaceutical Patent Attorneys, LLC ("PPA"), J. Mark Pohl ("Pohl"), Hame Persaud ("Persaud") and Health Science Funding, LLC's ("HSF") (collectively "Counterclaim-Defendants") Motions to Dismiss Defendant Sabinsa Corporation's ("Defendant") Counterclaim and Third-Party Complaint (ECF Nos. 28-30). Defendant opposed all Motions (ECF Nos. 21, 32), and Plaintiff and Counterclaim-Defendants replied (ECF Nos. 24, 33-35). After consideration of the Parties' submissions, the Court decides the Parties' Motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Plaintiff's Motion to Strike is denied, Defendant's civil conspiracy counterclaim is dismissed without prejudice, and Defendants' Motions to Dismiss are terminated pending the filing of an Amended Counterclaim/Third-Party Complaint by Defendant.

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

On September 13, 2021, Plaintiff filed its Complaint in this Court raising various trademark infringement allegations against Defendant. (Compl. ¶¶ 33-56, ECF No. 1.) In brief, Plaintiff alleges Defendant's mark "PANICIN" infringes upon Plaintiff's mark "PARACTIN" and is likely to confuse consumers. (*See id.* ¶ 19.) On November 26, 2021, Defendant answered Plaintiff's Complaint. (Ans. & Third-Party Compl. 1-9,[2] ECF No. 9.) Defendant also filed a Counterclaim/Third-Party Complaint. (*Id.* at 9-23.) Defendant's counterclaim alleges one count of civil conspiracy against Plaintiff and Counterclaim-Defendants. (*Id.* at 23.) Defendant also brings two separate third-party claims alleging a breach of fiduciary duty by Pohl and PPA and a breach of contract by Persaud. (*Id.* at 21-22.)

In the civil conspiracy counterclaim, Defendant alleges that Plaintiff and Counterclaim-Defendants "acted in concert to unlawfully acquire anti-competitive advantages against [Defendant] in the market for *Androgrphis paniculata* extract, including but not limited to this lawsuit." (*See id.* at 10 (emphasis in original).) In factually substantiating this claim, Defendant alleges that Pohl, PPA, and Persaud acquired unspecified confidential information from Defendant between 2008 and 2013 and shared it with Plaintiff, prompting Plaintiff to bring this trademark infringement lawsuit.[3] (*See id.* at 23.) Defendant further alleges that Plaintiff, PPA, HSF, and Pohl each hold an ownership interest in PARACTIN-related patents. (*Id.*)

---

[2] In referring to information in Defendant's Answer and Defendant's Counterclaim/ Third-Party Complaint, the Court references page numbers, as opposed to paragraphs, because Defendant's Answer is contained in the same document as Defendant's Counterclaim/Third-Party Complaint.

[3] Defendant alleges that Persaud is an executive employed by Plaintiff who acquired confidential information about Defendant when previously employed by Defendant from 2005 to 2007 and again from 2008 to 2013. (Ans. & Third-Party Compl. at 16-17.) Defendant alleges that Pohl, and his law firm PPA, have represented Plaintiff since 2004 but met with Defendant sometime between 2009 and 2010 to discuss representing Defendant in a separate patent-law matter. (*Id.* at 12-16.) Defendant alleges that Pohl and PPA were privy to confidential information as a result of these meetings about potential representation. (*Id.*)

2

After Defendant filed its Counterclaim/Third-Party Complaint, Plaintiff moved to strike the "third[-]party claims" against Counterclaim-Defendants arguing that they are generally unrelated and do not meet the criteria set forth in Rule 14(a)(1). (*See* Pl.'s Mov. Br. 9-11, ECF No. 13-4.) Defendant contends in opposition that Rule 13(h) applies here permitting it to add PPA, Pohl, Persaud, and HSF through its counterclaim against Plaintiff. (Def.'s Opp'n Br. 2-3, 16-18, ECF No. 22.)

The Court agrees with Defendant insomuch as it finds that Rule 13(h), not Rule 14(a)(1), governs the Counterclaim-Defendants' potential joinder in this case. Rule 13(h) provides that a party, when bringing a counterclaim against an opposing party, may join additional parties to the counterclaim so long as the requirements of Rules 19 or 20 are met. Fed. R. Civ. P. 13(h). Here, because Defendant counterclaimed against Plaintiff and sought to add additional counterclaim-defendants to the claim against Plaintiff, Rule 13 is appropriately employed to seek the joinder of Pohl, PPA, Persaud, and HSF.[4] Fed. R. Civ. P. 13(h); *see also F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (finding that Rule 13(h) authorizes the addition of nonparties to a counterclaim so long as an existing party in the original action is named in the counterclaim).

The Court, however, declines to delve into any further joinder analysis[5] at this stage because Defendant's counterclaim is conclusory to such an extent that the Court finds it necessary to dismiss the claim without prejudice before adjudicating whether joinder of

---

[4] Moreover, if Defendant can successfully join Counterclaim-Defendants under Rule 13(h) and either Rule 19 or Rule 20, then Rule 18 allows for Defendant to bring its third-party claims against Pohl, PPA, and Persaud. Fed. R. Civ. P. 18 ("A party asserting a . . . counterclaim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party.")

[5] Specifically, the Court reserves judgment as to whether Defendant's counterclaim is compulsory or permissive under Rule 13, whether Rule 19 or Rule 20 allows for joinder of Counterclaim-Defendants, and whether the Court wishes to exercise supplemental jurisdiction over Defendant's counterclaim or the third-party claims.

Counterclaim-Defendants is appropriate.[6] *Kelly v. RealPage Inc.*, 47 F.4th 202, 222 n.18 (3d Cir. 2022) (recognizing the district court has a broad "inherent authority to control its docket").

"There are four elements to the tort of civil conspiracy: (1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages." *Gross-Quatrone v. Mizdol*, 811 F. App'x 95, 100 (3d Cir. 2020) (citation omitted). Here, Defendant vaguely alleges that Plaintiff's filing of this lawsuit against Defendant, with Counterclaim-Defendants' assistance, was a conspiracy. (Ans. & Third-Party Compl. at 10, 23.) Defendant, however, fails to provide any facts substantiating, at a minimum, any "real agreement or confederation with a common design" between Plaintiff and Counterclaim-Defendants in bringing this lawsuit. Instead, Defendant appears to offer only conclusory statements that Plaintiff and Counterclaim-Defendants conspired to bring this lawsuit for "anti-competitive advantages" and that Pohl, Persaud, and PPA shared unspecified confidential information, allegedly acquired over ten years ago, with Plaintiff that led Plaintiff to bring a trademark infringement action. (*See id.*; *cf. Gross-Quatrone*, 811 F. App'x at 100 (affirming dismissal of a common-law civil conspiracy claim that set out general and conclusory statements and finding that "allegations of a conspiracy must provide some factual basis to support the

---

[6] HSF moved to dismiss the civil conspiracy counterclaim on grounds that it is conclusory. (ECF No. 30.) Defendant opposed HSF's motion. (ECF No. 32.) Although, the Court has not yet found that HSF is a proper party to this case, it dismisses Defendant's counterclaim sua sponte to preserve the issue of whether joinder of HSF and the other Counterclaim-Defendants is appropriate. *See Bethea v. Nation of Islam*, 248 F. App'x 331, 333 (3d Cir. 2007) (finding a district court may sua sponte dismiss a claim under Rule 12(b)(6) after service of process if plaintiff is afforded an opportunity to respond); *see also Sharkey v. Verizon N.J., Inc.*, No. 14-2788, 2014 WL 7336768, at *6-7 (D.N.J. Dec. 22, 2014) (sua sponte dismissing counts in a plaintiff's complaint pursuant to the court's inherent authority to manage its docket because plaintiff's claims lacked sufficient facts for the court to properly assess the issue before it).

4

existence of the elements of a conspiracy: agreement and concerted action" and "mere labels and conclusions are not sufficient").)

Given the strictly conclusory allegations of civil conspiracy contained in Defendant's counterclaim, the Court finds it fit to reserve judgment on joinder and Counterclaim-Defendants' Motions to Dismiss until after Defendant has a chance to amend its Counterclaim/Third-Party Complaint. In the meantime, the Court will dismiss without prejudice Defendant's civil conspiracy counterclaim and allow Defendant 30 days to amend its Counterclaim/Third-Party Complaint.

IT IS on this 10th day of February 2023, **ORDERED** as follows:

1. Plaintiff's Motion to Strike (ECF No. 13) is **DENIED.**

2. Defendant's counterclaim for civil conspiracy (Count III) is **DISMISSED WITHOUT PREJUDICE.**

3. Defendant must file an Amended Counterclaim/Third-Party Complaint within thirty (30) days of the issuance of this Memorandum Order.

4. Counterclaim-Defendants' Motions to Dismiss (ECF Nos. 28, 29, 30) are administratively terminated pending the filing of an Amended Counterclaim/Third-Party Complaint.

5. The Clerk of the Court shall terminate ECF Nos. 13, 28, 29, and 30.

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE